# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL HARMON MCLEMORE,<br><br>Plaintiff,<br><br>v.<br><br>GREGORY AHERN, et al.,<br><br>Defendants. | Case No.: 25-cv-00257-DMS-DEB<br><br>**ORDER DISMISSING CIVIL ACTION** |

On February 5, 2025, Plaintiff Michael Harmon McLemore, proceeding *pro se*, filed this action, along with an application to proceed in forma pauperis ("IFP"). (ECF Nos. 1, 2.) On February 20, 2025, the Court granted Plaintiff's IFP motion and dismissed his Complaint without prejudice. (ECF No. 3.) Plaintiff was informed of the pleading deficiencies of his Complaint and granted leave to file an amended complaint within thirty (30) days. (*See id.*) The deadline to amend has long passed, and Plaintiff has not filed an amended complaint.

This Court has discretion to sua sponte dismiss a case for lack of prosecution or failure to comply with a court order. *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986); *see also* Fed. R. Civ. P. 41(b) (providing for involuntary dismissal for failure to prosecute or comply with the federal rules or court order). "The failure of the plaintiff

eventually to respond to the court's ultimatum—either by amending the complaint or by indicating to the court that [he] will not do so—is properly met with the sanction of a Rule 41(b) dismissal." *Edwards v. Marin Park*, 356 F.3d 1058, 1065 (9th Cir. 2004).

"In determining whether to dismiss a claim for failure to prosecute or failure to comply with a court order, the Court must weigh the following factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits." *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) (citing *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260–61 (9th Cir. 1992)).  Because the Court has informed Plaintiff of his need to timely amend but he has failed to do so, factors one, two and, four weigh in favor of dismissal.  *See Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999) (holding "the public's interest in expeditious resolution of litigation always favors dismissal"); *Pagtalunan*, 291 F.3d at 642 (holding the "trial judge is in the best position to determine whether the delay in a particular case interferes with docket management and the public interest"); *Nevijel v. North Coast Life Insurance Co.*, 651 F.2d 671, 674 (9th Cir. 1981) (holding a court is not required to exhaust all alternatives prior to dismissal).  Factor five does not weigh against dismissal.  *See In re Phenylpropanolamine (PPA) Prods. Liab. Litig.*, 460 F.3d 1217, 1227 (9th Cir. 2006) (stating the public policy favoring disposition on the merits does not weigh against dismissal where plaintiff's "conduct impedes progress in that direction").  Only factor three does not weigh in favor of dismissal.  *See Pagtalunan*, 291 F.3d at 642 (where defendants have not appeared, "[w]e have previously recognized that pendency of a lawsuit is not sufficiently prejudicial in and of itself to warrant dismissal").

Weighing these factors, the Court finds entry of a final judgment of dismissal is appropriate.  *See Hernandez v. City of El Monte*, 138 F.3d 393, 399 (9th Cir. 1998) ("We may affirm a dismissal where at least four factors support dismissal, or where at least three factors 'strongly' support dismissal." (citations omitted)).

Accordingly, the Court **DISMISSES** this action **without prejudice** based on Plaintiff's failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B), and for failure to prosecute by failing to file an amended complaint as required by the Court's February 20, 2025 Order. If Plaintiff still wishes to pursue his claims, he must file a new complaint.

**IT IS SO ORDERED.**

Dated: January 16, 2026

_____
Hon. Dana M. Sabraw
United States District Judge